PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 13 2006

at ___ o'clock and ___ min ___
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: PAMATA TURNER,           Case Number: CR 04-00107SOM-01
aka Mata Turner and Mata Tau

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 2/22/2005

Original Offense:    Count 28: Unauthorized Use of Access Device, in violation of
18 U.S.C. § 1029(a)(2), a Class C felony

Counts 29-36: Possession of Stolen Mail, in violation of 18 U.S.C.
§ 1708, a Class D felony

Original Sentence:   Five (5) years probation, with the following special conditions:
1) That the defendant participate in a substance abuse program,
which may include drug testing at the discretion and direction of the
Probation Office; 2) That the defendant provide the Probation
Office and the Financial Litigation Unit of the U.S. Attorney's Office
access to any requested financial information to include submitting
to periodic debtor's examinations as directed by the Probation
Office; 3) That the defendant shall submit her person, residence,
place of employment, or vehicle to a search conducted by the U.S.
Probation Office at a reasonable time and in a reasonable manner,
based upon reasonable suspicion of contraband or evidence of a
violation of a condition of supervision. Failure to submit to a search
may be grounds for revocation. The defendant shall warn any
other resident that the premises may be subject to search pursuant
to this condition; 4) That the defendant shall maintain a single
checking account in her name, and shall deposit into this account
all income, and make use of this account for payment of all
personal expenses. This account, and all other bank accounts,
must be disclosed to the Probation Office; 5) That the defendant
must spend 120 days in intermittent confinement to begin 6:00 p.m.
every Friday, and conclude 6:00 p.m. every Sunday; and 6) That
restitution of $9,446.35 is due immediately and payable in the

|  |  |
|---|---|
|  | indicated amounts to the following victims: Macy's $4,235.01; Monroe Bank and Trust $111.42; Discover Credit Card Services $606.77; Sears Mastercard Services $143.16; Navy Exchange (NEX) $1,057.07; Army-Air Force Exchange System (AAFES) $1,370.30; Hale Koa Exchange (HKEX) $300; Marine Corps Exchange (MCEX) $1,050; Pizza Hut $53.91; and Hickam Exchange (AFEX) $100; and Sears $418.71. Any remaining balance to be paid upon release from confinement during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. |
| Revocation Offense and Sentence: | On 4/12/2005, the Court revoked the subject's probation for failing to report for intermittent confinement on 4/1/2005 and failing to answer truthfully all inquiries by the Probation Officer on 4/4/2005. The subject was sentenced to nine (9) months imprisonment, to be followed by thirty-six (36) months supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 3) That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 4) That the defendant shall maintain a single checking account in her name, and shall deposit into this account all income, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the Probation Office; 5) That the defendant is prohibited from incurring credit card charges and lines of credit without the approval of the Probation Office; and 6) That restitution of $9,446.35 is due immediately and payable in the indicated amounts to the following victims: Macy's $4,235.01; Monroe Bank and Trust $111.42; Discover Credit Card Services $606.77; Sears Mastercard Services $143.16; Navy Exchange (NEX) $1,057.07; Army-Air Force |

Prob 12B
(7/93)

3

Exchange System (AAFES) $1,370.30; Hale Koa Exchange (HKEX) $300; Marine Corps Exchange (MCEX) $1,050.00; Pizza Hut $53.91; and Hickam Exchange (AFEX) $100.00; and Sears $418.71. Any remaining balance to be paid upon release from confinement during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

Type of Supervision: Supervised Release     Date Supervision Commenced: 1/3/2006

## PETITIONING THE COURT

[ X ]   To modify the conditions of supervision as follows:

General Condition:          That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 1:    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 7:    That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during nonworking hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Prob 12B
(7/93)

4

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition Standard Condition No. 7 | The subject's urine specimen taken on 1/5/2006, tested positive for methamphetamine. |

    On 1/5/2006, the subject submitted a urine sample at the probation office, which was tested with a Non-Instrumented Drug Testing (NIDT) device, and was positive for methamphetamine. The subject admitted using methamphetamine on 1/3/2006, the day of her release from custody. The specimen was forwarded to a laboratory and confirmed to be positive for methamphetamine. The subject is currently participating in weekly outpatient substance abuse counseling and random drug testing at Hina Mauka.

    In light of U.S. vs. Stephens, we are requesting that the Court modify the mandatory drug testing condition (General Condition) to allow for additional drug testing. We are also requesting that Special Condition No. 1 be revised to include updated language. Our office is concerned that the subject used methamphetamine just after her release from custody. In an effort to sanction the subject, as well as to curb her dangerous addiction, it is also recommended that the Court impose three (3) months of home detention with electronic monitoring. Our office will be in routine contact with subject's substance abuse counselor to monitor her participation.

    Attached is a signed Waiver of hearing to Modify Conditions of Supervised Release. The subject waives her right to a hearing and to assistance of counsel. The subject agrees to the modification of the condition of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed changes.

Respectfully submitted by,

*[signature]*

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*[signature]*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 2/7/2006

Prob 12B
(7/93)

5

---

THE COURT ORDERS:

[ X ] The Modification of Conditions as Noted Above
[ ]   Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

2/9/06
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

|  |  |
|---|---|
| General Condition: | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day. |
| 1. | That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment. |
| 7. | That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during nonworking hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation office. |

Witness: _Frank M. Condello II_
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: _Pamata Turner_
PAMATA TURNER
Supervised Releasee

1/13/06
Date