# ORIGINAL

Prob 12C
(Rev. 1/06 D/HI)

## SEALED BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

### United States District Court

**for the**

DEC 19 2006

**DISTRICT OF HAWAII**

at _10_ o'clock and _50_ min. _a_ M
SUE BEITIA, CLERK

U.S.A. vs. _PAMATA TURNER, aka Mata Turner and Mata Tau_   Docket No. _CR 04-00107SOM-01_

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

   COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of PAMATA TURNER, aka Mata Turner and Mata Tau, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 22nd day of February 2005, who fixed the period of supervision at five (5) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. That the defendant shall maintain a single checking account in her name, and shall deposit into this account all income, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the Probation Office.

5. That the defendant must spend 120 days in intermittent confinement to begin 6:00 p.m. every Friday, and conclude 6:00 p.m. every Sunday.

6. That restitution of $9,446.35 is due immediately and payable in the indicated amounts to the following victims:  Macy's $4,235.01; Monroe Bank and Trust $11.42; Discover Credit Card Services $606.77; Sears Mastercard Services $143.16; Navy Exchange (NEX)



SEALED
BY ORDER OF THE COURT

$1,057.07; Army-Air Force Exchange System (AAFES) $1,370.30; Hale Koa Exchange (HKEX) $300; Marine Corps Exchange (MCEX) $1,050.00; Pizza Hut $53.91; and Hickam Exchange (AFEX) $100.00.

On 4/12/2005, the Court revoked the subject's probation for the following violations:  1) The subject failed to report for intermittent confinement on 4/1/2005; and 2) The subject failed to answer truthfully all inquiries by the Probation Officer on 4/4/2005.  The subject was sentenced to nine (9) months imprisonment, to be followed by thirty-six (36) months of supervised release.  The following special conditions were imposed:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3.  That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4.  That the defendant shall maintain a single checking account in her name, and shall deposit into this account all income, and make use of this account for payment of all personal expenses.  This account, and all other bank accounts, must be disclosed to the Probation Office.

5.  That the defendant is prohibited from incurring credit card charges and lines of credit without the approval of the Probation Office.

6.  That restitution of $9,446.35 is due immediately and payable in the indicated amounts to the following victims:  Macy's $4,235.01; Monroe Bank and Trust $11.42; Discover Credit Card Services $606.77; Sears Mastercard Services $143.16; Navy Exchange (NEX) $1,057.07; Army-Air Force Exchange System (AAFES) $1,370.30; Hale Koa Exchange (HKEX) $300; Marine Corps Exchange (MCEX) $1,050.00; Pizza Hut $53.91; and Hickam Exchange (AFEX) $100.00.

On 2/9/2006, the Court modified the conditions of supervised release as follows:

General Condition:  That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Prob 12C
(Rev. 1/06 D/HI)

Special Condition No. 1:  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

7.  That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office.  During this time, the defendant shall remain at her place of residence during nonworking hours and shall not leave her residence without the approval of the Probation Office.  The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.  The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of her supervised release (Probation Form 7A attached) as follows:

1.  The subject's urine specimen of 1/5/2006 tested positive for methamphetamine, in violation of Standard Condition No. 7 and the General Condition.

2.  The subject refused to comply with drug testing on 4/4/2006, 6/6/2006, 8/29/2006, 9/9/2006, 10/23/2006, and 11/27/2006, in violation of Special Condition No. 1.

3.  The subject failed to attend substance abuse counseling on 6/7/2006 and 8/23/2006, in violation of Special Condition No. 1.

4.  The subject failed to notify the Probation Officer ten days prior to any change in employment, in violation of Standard Condition No. 6.

5.  The subject failed to submit a monthly supervision report for the months of October 2006 and November 2006, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 12/15/2006

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 15th day of December, 2006, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **TURNER, Pamata, aka Mata Turner and Mata Tau**
       **Criminal No. CR 04-00107SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The subject pled guilty to Count 28:  Unauthorized Use of Access Device, a Class C felony; and Counts 29-36:  Possession of Stolen Mail, Class D felonies.  She was sentenced by Your Honor on 2/22/2005 to five (5) years probation.

On 4/12/2005, the subject's probation was revoked and Your Honor sentenced her to nine (9) months imprisonment to be followed by thirty-six (36) months of supervised release. The subject began her supervised release term on 1/3/2006.

**Violation No. 1 - Urine Specimen of 1/5/2006 Tested Positive for Methamphetamine**:  On 2/7/2006, Your Honor was informed that on 1/5/2006, the subject submitted a urine specimen at the Probation Office, which was tested with a Non-Instrumented Drug Testing Device (NIDTD) and found to be positive for methamphetamine.  The subject admitted using methamphetamine on 1/3/2006, the day of her release from custody.  The urine specimen was later confirmed to be positive by a laboratory.

The subject was verbally admonished for her drug use.  As additional measures, our office recommended that the General Condition be modified to conform with the ruling in U.S. vs. Stephens.  Also, Special Condition No. 1 was amended to reflect updated language. Our office also recommended as a sanction that the subject serve three (3) months of home detention with electronic monitoring.  Your Honor concurred with these recommendations.  The subject completed her home detention with electronic monitoring on 5/23/2006.

**Violation No. 2 - Refusing to Comply With Drug Testing on 4/4/2006, 6/6/2006, 8/29/2006, 9/9/2006, 10/23/2006, and 11/27/2006**:  The subject was referred to drug testing at Hina Mauka on 1/5/2006.  Our office was informed by Hina Mauka that on 4/4/2006, 6/6/2006, 8/29/2006, 9/9/2006, 10/23/2006, and 11/27/2006, the subject did not report for drug testing. As the subject was oriented to the requirements of the drug testing program, she is charged with refusal to comply with drug testing.

When questioned by this officer about the missed drug test on 4/4/2006, the subject claimed that she called Hina Mauka but thought that the message stated that there was no drug testing for that day.  The subject was informed that she was mistaken and to be more careful in the future.  When asked about the missed drug test on 6/6/2006, the subject stated that she thought she called Hina Mauka.  She was admonished for her noncompliance.  With respect to the missed drug test on 8/29/2006, the subject stated that she called Hina Mauka but thought a different color was tested on that date.  For clarification, the subject is assigned a color and instructed to call daily and listen for that particular color and to report the following day to Hina Mauka if instructed to do so.  The subject was admonished and instructed to listen to the recording more closely.  With respect to the missed drug test on 9/9/2006, the subject

Re:    **TURNER, Pamata, aka Mata Turner and Mata Tau**
       **Criminal No. CR 04-00107SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

stated that she simply forgot to call Hina Mauka. She was admonished and warned to call Hina Mauka daily. When questioned following the missed drug test on 10/23/2006, the subject stated that she was sick on that day and by the time she arrived at Hina Mauka, they had already closed. She was reprimanded and warned that future missed drug tests would not be tolerated and would likely result in Court action. The missed drug test on 11/27/2006 has not been addressed with the subject because she has failed to respond to messages left on her telephone or a letter mailed to her residence.

**Violation No. 3 - Failing to Attend Substance Abuse Counseling on 6/7/2006 and 8/23/2006**: The subject was referred to substance abuse counseling at Hina Mauka on 1/5/2006. On 6/7/2006 and 8/23/2006, our office was notified by Hina Mauka that the subject failed to attend her weekly substance abuse counseling session. With respect to the missed session on 6/7/2006, the subject stated that she was too sick to attend. The subject was admonished and informed that she should have called this officer prior to the counseling session if she was ill. With respect to the missed counseling session on 8/23/2006, the subject stated that she forgot to attend because she was busy with family business. The subject was admonished and told that counseling was a priority and to make sure she made time for it in her schedule.

**Violation No. 4 - Failing to Notify the Probation Officer Ten Days Prior to any Change in Employment**: In June 2006, the subject began working for Napa Auto Parts in Kapolei. On 12/5/2006, this officer attempted to contact the subject at work. The undersigned was informed that the subject had been fired on 10/29/2006 for excessive absences. At no time did the subject notify our office that her employment with Napa Auto Parts had been terminated.

**Violation No. 5 - Failing to Submit a Monthly Supervision Report for the Months of October 2006 and November 2006**: Standard Condition No. 2 requires that the subject submit a monthly supervision report within the first five (5) days of each month. The subject has failed to submit a monthly supervision report for the months of October and November 2006.

Re:   **TURNER, Pamata, aka Mata Turner and Mata Tau**
      **Criminal No. CR 04-00107SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**


On 11/30/2006, this officer was unsuccessful in contacting the subject at her residence during an unannounced field visit.  This officer also left several messages on the subject's cell phone voice mail.  As a last resort to contact the subject, this officer mailed her a letter on 12/5/2006, which instructed her to report to the Probation Office on 12/8/2006.  The subject failed to report to the Probation Office on 12/8/2006.  The subject's present activities or whereabouts are unknown.  Her non-compliance suggests that she is not amenable to supervision.  Based on the above, we respectfully recommend that the Court issue a no bail warrant for her arrest so that she can be brought before the Court to show cause why her supervised release should not be revoked.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer


Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:    **TURNER, Pamata, aka Mata Turner and Mata Tau**
       **Criminal No. CR 04-00107SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

        None.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     PAMATA TURNER,                          Docket No.  CR 04-00107SOM-01
        aka Mata Turner and Mata Tau

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of thirty-six (36) months commencing upon release from confinement (1/3/2006).

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) X _____    X 1/5/06
PAMATA TURNER, aka Mata Turner and Mata Tau , Defendant    Date

_____    1/5/06
FRANK M. CONDELLO, II    Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:    PAMATA TURNER, aka Mata Turner and Mata Tau
       Docket No. CR 04-00107SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1)    That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2)    That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3)    That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4)    That the defendant shall maintain a single checking account in her name and shall deposit into this account all income, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the Probation Office.

5)    That the defendant is prohibited from incurring credit card charges and lines of credit without the approval of the Probation Office.

6)    That restitution of $9,446.35 is due immediately and payable in the indicated amounts to the following victims: Macy's $4,235.01; Monroe Bank and Trust $111.42; Discover Credit Card Services $606.77; Sears Mastercard Services $143.16; Navy Exchange (NEX) $1,057.07; Army-Air Force Exchange System (AAFES) $1,370.30; Hale Koa Exchange (KHEX) $300; Marine Corps Exchange (MCEX) $1,050.00; Pizza Hut $53.91; and Hickam Exchange (AFEX) $100.00; Sears $418.71. Any remaining balance to be paid upon release from confinement during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) x _Pamata Turner_____    x 1/5/06
       PAMATA TURNER, aka Mata Turner and Mata Tau, Defendant    Date

_Frank M. Condello II_____    1/5/06
       FRANK M. CONDELLO, II    Date
       U.S. Probation Officer