IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. No. 04-00107 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING DEFENDANT'S |
| vs. | ) | CONTRACT ARGUMENT |
| | ) | |
| PAMATA TURNER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER REGARDING DEFENDANT'S CONTRACT ARGUMENT

Defendant Pamata Turner is before the court on alleged violations of supervised release. The hearing on the matter has been continued at Defendant's request, to allow defense counsel to brief the argument that an earlier modification of conditions of supervised release constitutes a contract. As the court understands it, Defendant's position is that the court would breach the alleged contract with Defendant if the court revoked supervised release based on a finding that Defendant had committed the violations that led to the earlier modification. In other words, Defendant says she agreed to the modification with the understanding that the modification was the only consequence of earlier violations, and that any revocation the court may now be considering must be based on subsequent violations.

Defendant's attorney's colleague made this argument to the court in an unrelated case, and this court did not accept

that argument in that unrelated case.  In fact, this court has already indicated that it finds the contract argument wholly unpersuasive.  The court is nevertheless permitting defense counsel in this case to brief the matter.  As defense counsel in the present case prepares her brief on the matter, the court directs counsel to address the following issues in her brief:

    1.  Is Defendant arguing that the modification documents constitute an express contract between Defendant and the court?  If so, then Defendant is asked to identify with precise quotes the language that expressly states that there is a contract.

    2.  If Defendant is not arguing that there is an express agreement, is Defendant arguing that there is an implied contract between Defendant and the court?  If so, defense counsel is directed to explain in her brief how she will meet Defendant's burden of proving the existence of such an implied contract.  See Durette v. Aloha Plastic Recycling, Inc., 105 Haw. 490, 504, 100 P.3d 60, 74 (2004) ("A party who relies upon a contract must prove its existence.").  Defendant may prove the existence of an implied contract by direct evidence or by proof of facts and circumstances from which the agreement of the parties may be ascertained.  See Shinn v. Edwin Yee, Ltd., 57 Haw. 215, 218, 553 P.2d 733, 737 (1976).  An agreement requires a "mutual intent to form a contract."  Kemp v. State of Hawai`i Child Support Enforcement Agency, 111 Haw. 367, 391, 141, P.3d 1014, 1038

(2006). If Defendant is arguing that there is an implied contract, Defendant should outline in her brief what evidence she will be relying on to establish such a mutual intent to form a contract. Defendant must, in the first instance, establish that Defendant herself had an intent to enter into a contract when she signed the modification documents, and Defendant's brief should detail what form that evidence will take. If Defendant does indeed have evidence of Defendant's own contractual intent, then Defendant is directed to address in her brief how she proposes to establish that the court shared that intent. Is it, for example, Defendant's intent to subpoena this judge to appear in an evidentiary proceeding to be held before another judge? In short, if Defendant is advancing an implied contract argument, Defendant must state in her brief how she plans to meet her evidentiary burden of establishing a mutual intent to form a contract.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, December 28, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**United States of America v. Turner., Crim. No. 04-00107 SOM; ORDER REGARDING DEFENDANT'S CONTRACT ARGUMENT**