EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

ELIZABETH H. JOSEPHSON
Special Assistant U.S. Attorney
Suite 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  elizabeth.josephson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.: 04-00107 SOM |
| | ) | |
| | ) | GOVERNMENT'S MEMORANDUM IN |
| Plaintiff, | ) | OPPOSITION TO DEFENSE |
| | ) | MEMORANDUM OF LAW REGARDING |
| vs. | ) | DEFENDANT'S CONTRACT ARGUMENT; |
| | ) | CERTIFICATE OF SERVICE |
| PAMATA TURNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENSE MEMORANDUM OF
LAW REGARDING DEFENDANT'S CONTRACT ARGUMENT

Defendant Pamata Turner argues that the court may not use past violations as a basis to revoke supervised release.  The United States submits that the court is free to revoke defendant's supervised release on the basis of such violations and may also consider the violations in imposing any sentence which it might impose.

The petition for action alleges five violations of supervised release.  One of the violations was previously brought

to the attention of the court, and resulted in modifications of the defendant's conditions of supervised release. Defendant addresses two violations in her memorandum, citing violation of due process if the court revokes her supervised released.  With respect to both of these violations (alleged violations two and three), defendant claims that she cannot be revoked on the basis of these two violations because she was "admonished by the probation officer and thus, subsequently excused."

The petition alleges that defendant refused to comply with drug testing on six separate occasions, in violation of special condition No. 1.  On the fifth occasion, the probation officer "reprimanded her and warned that future missed drug tests would not be tolerated and would likely result in Court action." (Statement of Fact p. 2). This statement by the Probation Officer is not indicative that the violation has been excused or waived, instead it indicates that a culmination of violations will result in court action.

Defendant's argument, that the admonishment extinguishes any other options available to this court or the probation officer, is inconsistent with the policy considerations underlying supervised release.  "Supervised release is an integral part of the federal sentencing structure, similar in purpose and scope to its predecessor, parole." United States v. Huerta-Pimental, 445 F.3d 1220, 1222 (9th Cir.), cert. denied,

2

127 S.Ct. 545 (2006) (citation omitted).  The conditions of release are intended to rehabilitate the offender and protect the public.  <u>United States v. Consuelo-Gonzalez</u>, 521 F.2d 259, 263 (9th Cir. 1975).  The courts are given broad flexibility to fashion, and modify, conditions to meet the changing needs of an offender.  Many violations of supervision may be addressed by intermediary sanctions short of revocation.  It is incongruous to suggest that, once such sanctions are imposed, a court may no longer consider revocation if it later proves appropriate.  If this argument were accepted, a court would be inclined to revoke supervision each time a violation occurred, so as not to lose the ultimate sanction.  Such an approach would not seem in the best interest of either the offender or society.

　　　　Defendant relies on <u>Hamilton</u>, as a basis for staleness and waiver. 708 F.2d 1412 (9th Cir. 1983).  The facts in the instant case differ dramatically from <u>Hamilton</u>.  <u>Id.</u> In <u>Hamilton</u>, the Court held that the District Court abused its discretion when "violations of which the district court has been apprised and upon which the probationer has sought corrective action become stale or are waived as a basis for revoking probation. (Citations omitted)" <u>Id</u>. at 1415.  Hamilton, himself, brought his violation of supervised release to the attention of the district court and sought to have the eleven weekends of his jail term that he missed rescheduled.  The district court declined to take action.

3

Hamilton again petitioned the court and the district court again took no action. In both instances, the probation officer took no action. Id. at 1414. In addition, the 9th Circuit court found that Hamilton's initial probation officer appeared satisfied with Hamilton's infrequent, oral, in lieu of written, reports. It was the second probation officer that imposed a much more rigorous reporting structure. The court found that Hamilton did not receive proper notice of this new structure. Id. at 1415. The court found staleness in light of the fact that over three years had passed since Hamilton violation conditions of his probation and that he did not know of the terms of his probation when the new probation officer was assigned to his case.

     In the instant case, defendant has had one probation officer, and has received proper notice of the requirement of her probation. She continued to violate conditions of her probation, despite efforts by the probation officer to correct her conduct. Her alleged violations date from the earliest of January 5, 2006 until November 27, 2006. These violations are not stale, nor were they waived by the probation officer.

     The defendant claims that she is put at a disadvantage because the probation officer did not bring a petition for action upon her first refusal to comply with drug testing and every subsequent refusal. She contends that the probation officer, by alleging her refusal to comply is implying that she was in fact

using illegal substances, and that even though she failed to fulfill a condition of her supervised release, the probation office should have allowed her a second chance. Defendant argues that the probation officer should have required her to test immediately to dispel any negative connotation that may lie with her refusal to comply with drug testing. The policy of the probation office regarding drug testing is that it provides motivation for a defendant to not use drugs, and it identifies those who are using drugs. The integrity of the drug testing program would be damaged if probation officers had to personally test all those who refused to comply with drug testing. The probation office has contracted out its drug testing program so that probation officers do not spend the majority of their time performing drug tests. Additionally, the probation officer believes that if a defendant is required to immediately test after failing to report for a drug test, a defendant is given ample opportunity to flush her system of evidence of drug use if the reason for the missed drug test was indeed illegal drug use. In this manner, a defendant would be able to avoid detection of illicit drug use.

Lastly, defendant argues it is fundamentally unfair that she cannot control whether or not she can make up a missed drug test. However, this argument is disingenuous because defendant can control whether or not she complies with the

conditions of her probation.  Defendant's decision to refuse to comply with drug testing does not then grant her another opportunity to avoid complying with the terms of her probation.  It would not be in the best interest of either the offender or society to require probation to allow an "escape route" for defendants who violate a term of probation and once verbally admonished for it by the probation officer to be exonerated of all legal consequences from their failure to comply with the terms of probation.  Defendant's second chance to comply with drug testing came on June 6, 2006 or August 23, 2006 or September 9, 2006 or October 23, 2006 or November 27, 2006.  It is not fundamentally unfair when defendant had these numerous opportunities to comply with drug testing.

      In this case, the court has before it five alleged violations, only two of which are the subject of defense motion. This court plainly can revoke on the basis of those violations alone.  But it also can revoke on the basis of the other violations.

      Dated: Honolulu, Hawaii, January 9, 2006.

                            EDWARD H. KUBO, JR.
                            United States Attorney
                            District of Hawaii

                          By /s/ Elizabeth H. Josephson
                            ELIZABETH H. JOSEPHSON
                            Special Ass't U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

SHANLYN A.S. PARK    shanlyn_park@fd.org    January 9, 2007


/s/ Valerie Domingo
U.S. Attorney's Office
District of Hawaii